## McMANUS v. ENNIS.

(Supreme Court, Appellate Division, Second Department. January 21, 1896.)

JUDGMENT—CORRECTION—MISTAKE IN ENTRY.

> A judgment entered by consent of defendant, but which was broader than the consent authorized, will not be vacated, where plaintiff agrees to its modification to conform to the real intention of the parties.

Appeal from special term, Kings county.

Action by James McManus against John Ennis. From an order denying defendant's motion to reopen a judgment entered by consent, he appeals. Affirmed.

Argued before BROWN, P. J., and BARTLETT and HATCH, JJ.

Henry M. Dater, for appellant.

William Adams Robinson, for respondent.

BARTLETT, J. This action was brought to abate an alleged nuisance, consisting in the maintenance of certain cow stables by the defendant in the city of Brooklyn, and to enjoin the further continuance of such nuisance. When the case came on for trial a settlement was proposed, and the parties and their counsel agreed to the entry of a judgment which should award to the plaintiff the relief demanded in the amended complaint. The judgment actually entered upon this consent was broader than it authorized, and the terms of the judgment were such as to require the defendant, not only to cease maintaining the alleged nuisance, but to remove the stable structures from his premises. The defendant, ascertaining this, moved at special term to modify the judgment by striking out this requirement, or that he be granted such other relief as might be just. Thereupon the court made an order, the effect of which was to modify the judgment by omitting therefrom the direction for the removal of the defendant's buildings, and to provide for setting it aside unless the plaintiff should consent to such modification. The plaintiff did consent, and the modified judgment was entered in lieu of the original. The defendant now appeals from the modified judgment, and from the order of modification, so far as it denied his motion to reopen or set aside the judgment entirely.

We are unable to perceive that the appellant has any grievance. The papers read on the motion leave no doubt that the judgment, as modified, is the judgment which the defendant consented should be taken against him. The defendant's own affidavit shows that his purpose in making the application was to protect his buildings. The modification granted by the court had precisely that effect. He thus obtained everything to which he was entitled. So long as the original judgment stood, he had cause for complaint, because it did not conform to his consent; but, after it was amended so as to accord therewith, his cause for complaint was gone. The brief of the learned counsel for the defendant is largely devoted to a discussion of the proposition that an attorney has no authority to bind his client by consenting to the entry of a judgment, without his client's consent. This point, however, we do not deem it necessary to consider, inas-

much as the statements of the defendant himself show that he participated in whatever consent was given.

The judgment and order appealed from should be affirmed, with $10 costs and disbursements. As the judgment was entered by consent, and is appealed from only by reason of a controversy in regard to the terms in which it should have been drawn, the full costs usually allowed upon an appeal from a judgment ought not to be awarded in this case. All concur.